IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. DAVIS, | ) | |
| | ) | Civil Action No. 2: 13-cv-1223 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Terrence F. McVerry |
| | ) | |
| MAGISTRATE JUDGE | ) | United States Magistrate Judge |
| CAROLYN S. BENGEL, | ) | Cynthia Reed Eddy |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

Plaintiff James M. Davis, a *pro se* non-prisoner, seeks permission to proceed *in forma pauperis* to file a civil action against Magistrate Judge Carolyn S. Bengel,[1] pursuant to 42 U.S.C. § 1983.  It is recommended that Plaintiff be granted leave to proceed *in forma pauperis*; however, because the claims in the Complaint are factually frivolous, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**II.  REPORT**

    A.  *Background*

Initially, the Court notes that the Complaint is far from a model of clarity as it lacks specificity in its details and the relief sought.  It appears that Plaintiff is contending that District Magistrate Judge Carolyn S. Bengel was "bias and racially discriminating" in her January 20, 2012, verdict in which she found Plaintiff guilty of harassment.  As relief, Plaintiff is asking that

---

[1] Magistrate Judge Carolyn S. Bengel is a judge for the Allegheny County Magisterial District In Pennsylvania, District 05-2-05.

1

the Court "issue equitable as follows: 1. Issue other reliefs as this court deems appropriate and just." Complaint, at 8.

B.    *Standards for Sua Sponte Dismissal*

While 28 U.S.C. § 1915 authorizes litigants like Plaintiff to proceed *in forma pauperis* ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint is "frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325 (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a

2

complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard as applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Powell v. Hoover,* 956 F. Supp. 565, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. *See Estelle v. Gamble*, 429 U.S. 97 (1976). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those contradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Or put another way, a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is proper under Rule 12(b)(6) where

3

the court determines that the contradicted facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. *See., e.g., Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

    C.    *Analysis*

        1.    *Absolute Judicial Immunity*

The Honorable Carolyn S. Bengel, as a member of the State judiciary, is entitled to have the complaint dismissed against her on the basis of absolute judicial immunity because all of the allegations contained in the complaint show that Plaintiff dealt with Defendant Bengel solely in her capacity of presiding over Plaintiff's criminal charges.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, *i.e.,* whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. *Id*. at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") Here, the complaint makes clear that the actions taken or not taken by Magistrate Judge Carolyn S. Bengel and, complained of by Plaintiff, were actions taken in her judicial capacity and fall squarely within the category of protected judicial acts. Thus, judicial immunity bars Plaintiff's claims against her in this suit. Moreover, even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. *Figueroa v. Blackburn*, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). *See also Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice.").

To the extent that Plaintiff's requested relief can be construed as a request for injunctive relief against Judge Bengel, such claims for injunctive relief are likewise subject to the bar of judicial immunity. What the court held in *Fox v. Lee* is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle,* 42 F. Supp. 2d 265, 273 (E.D.N.Y. 1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998 WL 1110695, at *1 n.3 (D.N.J. June 15, 1998) (same).

*Fox v. Lee*, 99 F. Supp.2d 573, 575-76 (E.D. Pa. 2000). Hence, any claims for injunctive relief should be dismissed as well. The claims against Magistrate Judge Carolyn S. Bengel should be dismissed with prejudice.

2. <u>Leave to Amend is Not Warranted</u>

Ordinarily, a plaintiff may be granted "leave [to amend] . . . when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). However,"[a]llowing leave to amend where 'there is a stark absence of any suggestion by the plaintiffs that they [might] develop any new facts since the action was commenced, which would, if true, cure the defects in the pleadings . . ., would frustrate Congress's objective in enacting this statute of 'provid[ing] a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis'." *Cal. Pub. Emples'. Ret. Sys. v. Chubb Corp.,* 394 F.3d 126, 164 (3d Cir. 2004). As discussed *supra*, Plaintiff's claims are barred by the doctrine of judicial

5

immunity. Plaintiff cannot change that by re-pleading. Therefore, granting him leave to amend would necessarily be futile.

III. **CONCLUSION**

It is recommended that Plaintiff be granted leave to proceed in forma pauperis; however, because the claims in the Complaint are factually frivolous, it is recommended that the Complaint be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Plaintiff is allowed until **October 10, 2013** to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

*Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: September 23, 2013


cc: JAMES M. DAVIS
887 First Ave. #603
Brackenridge, PA 15014